THE ST. GEORGE PAPER COMPANY *vs.* PHILIP TROUP.

Third Judicial District, New Haven, June Term, 1928.

*WHEELER, C. J., MALTBIE, HINMAN and BANKS, Js.

Argued June 6th—decided July 16th, 1928.

*Michael J. Quinn,* with whom, on the brief, was *David J. McCoy,* for the appellant (defendant).

*Edward M. Lockwood,* for the appellee (plaintiff).

*By stipulation of counsel this case was argued before four Justices.

BANKS, J. The defendant was the president of The New Haven Union Company, a corporation which published a daily newspaper in New Haven of which the defendant was editor-in-chief. The Union Company gave the plaintiff three promissory notes in part payment of its indebtedness to the plaintiff for blank paper, which the defendant indorsed before delivery as an accommodation indorser. These notes were not paid by the maker upon maturity, and were duly protested for nonpayment and notice of dishonor given the defendant by depositing in the mail on the day each of the notes became due written notices of protest addressed to the defendant, which notices were never received by him. Upon the protest of the notes the plaintiff paid them at the bank where they had been discounted, and notified the Union Company of that fact, and that it had recharged the notes to its open account. The Union Company subsequently went into the hands of a receiver and this action was brought after the receivership and about eleven months after the notes were protested.

The reasons of appeal based upon the claim that the defendant did not receive legal notice of the protest of the notes are without merit. The notices were duly addressed and mailed to the defendant, and the sender is deemed to have given due notice notwithstanding any miscarriage in the mails. General Statutes, §4463. Nor is the defendant discharged from his liability as an indorser by the failure of the plaintiff to bring suit against the maker of the notes or his delay in bringing this action until after the maker had gone into the hands of a receiver. *Glazier* v. *Douglass,* 32 Conn. 393; 8 Corpus Juris, 450.

The defendant further claims that the plaintiff by charging the notes to the open account of the Union Company waived its rights against the defendant and

released him from his obligation as an accommodation indorser. It is obvious that the mere act of the plaintiff in charging the indebtedness of the Union Company upon these notes to its open account, the notes having been paid by the plaintiff and retained by it, did not affect the legal status of any of the parties to the notes. Whether such bookkeeping entry was made or not, the indebtedness was then an obligation payable upon demand, and such an entry did not postpone the time of payment nor constitute a cancellation or renunciation of the notes as seems to be claimed by the defendant. Throughout defendant's brief there are repeated references to claimed agreements existing between the plaintiff and the Union Company regarding the liquidation of the latter's open account by a series of monthly payments or otherwise, and the argument that the defendant was discharged by the charging of this indebtedness to the open account of the Union Company is based upon the assumption that because of some such arrangement the time of payment would thereby be postponed. The record is barren of any finding in support of such statements in the brief and they are entirely unjustified. The argument, being based upon an assumption of facts which are not in the record, must of course fail.

There is no error.

In this opinion the other judges concurred.